UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WALTER LAMKIN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:10CV1139 CDP |
|  | ) |  |
| JOHNSON & JOHNSON, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This case is before me following remand by the Judicial Panel on Multi-District Litigation from consolidated pretrial proceedings before the United States District Court for the District of Minnesota. I have reviewed the MDL Court's summary of additional proceedings it believes may be necessary in this remanded case[1] as well as defendants' status report in which they advise that they and plaintiff have engaged in settlement discussions and are willing to continue with such discussions, and that additional discovery and resolution of issues by motion are necessary in the event this matter proceeds to trial.[2] Defendants further report that plaintiff currently proceeds in this case *pro se* but intends to retain counsel at

---

[1] ECF #5-1, Final Pretrial Order and Suggestion of Remand, at pp. 25-26.
[2] ECF #11. Defendants report that plaintiff consented to their representations regarding the status of this action.

the earliest possible convenience.

Upon review of the status of the proceedings in this case,

**IT IS HEREBY ORDERED** that, no later than **September 21, 2015,** any counsel for plaintiff shall enter their appearance as attorney of record. If no counsel enters an appearance by that date, plaintiff will be considered to be proceeding in this cause *pro se*, and the docket shall so reflect.

**IT IS FURTHER ORDERED** that this matter is set for a scheduling conference on **Friday, October 16, 2015, at 9:30 a.m.** This conference will be held before me on the record in Courtroom 14-South. Counsel for the parties (and plaintiff Walter Lamkin if proceeding *pro se*) must appear in person for the conference. At this scheduling conference, counsel will be expected to discuss in detail all matters set forth in their Joint Proposed Scheduling Plan, as described below, and a firm and realistic trial setting will be established at or shortly after the conference.

**IT IS FURTHER ORDERED** that prior to the date for submission of the Joint Proposed Scheduling Plan, counsel for the parties shall meet to discuss the following: the specific nature and basis of the parties' claims and defenses; the possibilities for a prompt settlement or resolution of the case; the formulation of a discovery plan; and other topics listed below. This meeting is expected to result in the parties reaching agreement on the form and content of a Joint Proposed

Scheduling Plan, and the parties must file this joint proposal no later than **Tuesday, October 13, 2015.**

At the scheduling conference, I will ask counsel to report orally on the matters discussed at this meeting. Counsel will specifically be asked for a report on the potential for settlement; whether settlement demands or offers have been exchanged, without revealing the content of any offers or demands; and suitability for Alternative Dispute Resolution.

Only one Joint Proposed Scheduling Plan may be submitted, and it must be signed by counsel for <u>all</u> parties (and by plaintiff Walter Lamkin if proceeding *pro se*). It will be the responsibility of defendants' counsel to actually submit the Joint Proposed Scheduling Plan to the Court. If the parties cannot agree as to any matter required to be contained in the joint plan, the disagreement must be set out clearly in the joint proposal, and I will resolve the dispute at or shortly after the scheduling conference.

**IT IS FURTHER ORDERED** that, no later than **Tuesday, October 13, 2015,** the Joint Proposed Scheduling Plan shall be filed with the Clerk of Court. This plan shall include:

(1)   a discovery plan, including:

(a) whether remaining discovery should be conducted in phases or limited to certain issues;

(b) dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in this case;

(c) whether the number of remaining depositions to be taken and interrogatories to be propounded in this case exceeds the limits set forth in Fed. R. Civ. P. 30(a)(2)(A) and 33(a), respectively, and if so, the reasons why the Court should permit variance from these rules;

(d) a date by which **all** discovery will be completed in this case; and

(e) any other matters pertinent to the completion of discovery;

(2) the parties' positions concerning the referral of this action to mediation or early neutral evaluation, and when such referral would be most productive;

(3) the dates for filing any motions to dismiss or for summary judgment and/or motions pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993);

(4) the earliest date by which this case should reasonably be expected to be ready for trial and an estimate of the length of time expected to try the case to verdict; and

(5) any other matters deemed appropriate for inclusion in the Joint

Proposed Scheduling Plan.

Plaintiff is advised that if he appears in this action *pro se*, he is expected to meet with all other parties or counsel, participate in the preparation and filing of the Joint Proposed Scheduling Plan, and appear at the scheduling conference, all in the same manner as otherwise required by this Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of August, 2015.